Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4031 | **DATE** | 8/3/2010 |
| **CASE TITLE** | Bartholomew Bishop (2009-1018059) v. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's amended complaint [6] is accepted. The Clerk shall reinstate the case. Defendants Superintendent Martinez, Director Godinez, Chief Howell, and Avery Heart are dismissed as Defendants. The Clerk shall issue summonses to the remaining Defendants, Sheriff Thomas Dart and Dr. Luke, and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. The Court appoints John Michael Tecson of Hogan Marren, Ltd., 180 North Wacker Drive, Suite 600, Chicago, Illinois 60606, 312-946-1800, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.

■[For further details see text below.]                               Docketing to mail notices.

## STATEMENT

Plaintiff, Bartholomew Bishop, a pretrial detainee at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On July 7, 2010, Plaintiff was allowed to proceed *in forma pauperis* but his complaint was dismissed because it failed to state a claim upon which relief could be granted. Plaintiff has submitted an amended complaint.

Under 28 U.S.C. § 1915, the court conducts a prompt threshold review of the amended complaint.

Plaintiff alleges that he has been held at Cook County Jail since November 2009. During this time, Plaintiff has requested to be moved to a psych unit so that he may receive proper treatment for his mental health issues. Plaintiff's requests have been denied. Plaintiff alleges that Cook County Jail's policy regarding mental health treatment of detainees that are improperly denied placement in a psych unit results in he, and others, not receiving proper treatment, including minimal visits with their psychologists/psychiatrists. Plaintiff further alleges that he spoke with his "psych doctor," Doctor Luke, about needing additional mental health treatment to no avail. Plaintiff alleges that because he has not received proper mental health treatment, he has attempted suicide twice and is consistently depressed.

Plaintiff names several Cook County Jail and Cermak Health Services administrators as Defendants. Plaintiff is allowed to proceed on his official capacity claim against Sheriff Thomas Dart based on his allegations that Cook County Jail policy has resulted in he not receiving proper mental health treatment. The remaining administrators are dismissed as Plaintiff does not allege that these individuals were personally involved in the alleged violation of Plaintiff's constitutional rights and they are unnecessary as to his official capacity claim. Plaintiff does allege that Dr. Luke was aware of Plaintiff's needed medical treatment and that he has ignored his requests for additional mental health treatment. Accordingly, Sheriff Dart and Dr. Luke must respond to Plaintiff's amended complaint.

The United States Marshals Service is appointed to serve Defendants Sheriff Thomas Dart and Dr. Luke. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

| **STATEMENT** |
|---|
|     Furthermore, in light of the seriousness of Plaintiff's allegations, the Court appoints John Michael Tecson of Hogan Marren, Ltd., 180 North Wacker Drive, Suite 600, Chicago, Illinois 60606, 312-946-1800, as counsel for Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Failure of Plaintiff to notify the Court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice. |
| |