**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BARTHOLOMEW BISHOP, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS DART, in his official capacity, )<br>COOK COUNTY, a municipality, and DR. )<br>JONATHAN HOWARD, in his individual capacity, )<br>)<br>Defendant. ) | Case No. 10 CV 4031<br><br>JURY TRIAL DEMANDED |

**THIRD AMENDED COMPLAINT**

Plaintiff, BARTHOLOMEW BISHOP, by and through his attorneys, Hogan Marren, Ltd., as his Third Amended Complaint against Defendants, THOMAS DART, COOK COUNTY, and DR. JONATHAN HOWARD, states as follows:

**Parties**

1. Plaintiff, Bartholomew Bishop ("Bishop"), resides within the jurisdiction of this Court and at all times relevant has been in the custody of the Cook County Jail as a pre-trial detainee.

2. Defendant, Thomas Dart ("Dart"), is the Cook County Sheriff, and is being sued in his official capacity.

3. Defendant, Cook County, and through its Department, Cermak Health Services ("Cermak Health"), is a municipal corporation organized under the laws of the State of Illinois. Cermak Health Services is a department of Cook County and is under the jurisdiction of the Cook County Board of Directors.

4. Defendant, Dr. Jonathan Howard ("Howard"), is employed by Cook County and works for Cermak Health. At all times relevant, Howard worked as a psychiatrist at the Cook County Jail. Howard is being sued in his individual capacity.

## Jurisdiction and Venue

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

6. Venue is proper under 28 U.S.C. § 1391(b) as all events or omissions giving rise to the claims herein occurred within the Northern District of Illinois.

## Facts Common to All Counts

7. In or about 1990, Bishop began experiencing seizures.

8. In or about 1995, Bishop suffered from a seizure, was taken to St. Margaret Mercy Hospital in Hammond, Indiana, diagnosed with epilepsy, and prescribed Dilantin.

9. In or about winter 1999, following an attempted suicide, Bishop was taken to Roseland Community Hospital in Chicago, Illinois.

10. While at Roseland Community Hospital, Bishop was diagnosed as manic depressive and sent to the Tinley Park Mental Health Center in Tinley Park, Illinois.

11. While at the Tinley Park Mental Health Center, a doctor prescribed Bishop with Paxil to treat his manic depression.

12. On or about October 15, 2009, Bishop consumed approximately two (2) bottles of cough syrup and five (5) pills of Valium in an attempt to commit suicide.

13. Following the suicide attempt, Bishop was taken by ambulance to Riverside Medical Center in Kankakee, Illinois.

14. Once Bishop was medically stable, he was placed under arrest.

15. Following the arrest, Bishop was taken to the Cook County Jail and placed in Division I.

16. During intake processing at the Cook County Jail, Bishop received a medical examination, at which time he advised the examining physician that he suffered from manic depression and recently attempted to commit suicide prior to his arrest.

17. Upon information and belief, the examining physician was provided with Bishop's medical charts which documented the October 15, 2009 suicide attempt.

18. On November 4, 2009, Bishop had a seizure and was taken to the emergency room at Cermak Health.

19. Upon his return to the Cook County Jail, Bishop was taken to the medical wing of the Cook County Jail, referred to as "Three North."

20. While at Three North, Bishop advised his treating physician, Dr. Katina Bonaparte, that he had suicidal tendencies. Dr. Bonaparte arranged for Bishop to meet with two (2) unknown psychiatrists at Three North.

21. The two unknown psychiatrists sent Bishop to the psychiatric wing at the Cook County Jail, referred to as "Two North."

22. Upon his initial arrival at Two North, Bishop met with two (2) unknown psychiatrists who placed Bishop on a "suicide watch."

23. While on suicide watch, Bishop was placed under twenty-four (24) hour surveillance for three (3) to four (4) days.

24. While housed at Two North, Bishop was treated by Dr. Lukose Luke ("Dr. Luke"), a psychiatrist at the Cook County Jail.

25. Bishop advised Dr. Luke that he has suicidal tendencies on a regular basis and that he hears voices in his head. Dr. Luke diagnosed Bishop as major depressive and prescribed Bishop with Doxepin and Zoloft.

26. After approximately two (2) weeks at Two North, Bishop was sent to Level 3C in Division X of the Cook County Jail.

27. Division X is the medical and acute psych facility at the Cook County Jail.

28. In or about December 2009, while housed in Division X, Bishop ingested approximately six (6) ounces of Doxepin in an attempt to commit suicide.

29. Following the ingestion of the Doxepin, Bishop passed out, chipped his tooth, and was taken to Cermak Health.

30. After an examination at Cermak Health, Bishop was returned to Level 3C in Division X.

31. In or about February 2010, Bishop was moved to Level 4C in Division X.

32. In or about March 2010, Bishop consumed a mixture of approximately ten (10) pills of varying medicines in an attempt to commit suicide.

33. On or about October 12, 2010, Bishop was taken to see Howard.

34. Bishop advised Howard that he has suicidal tendencies, he is manic depressive and that he has attempted suicide numerous times.

35. Howard examined Bishop, examined Bishop's medical chart which showed that Bishop suffers from major depression, and prescribed Bishop Lithium to treat these disorders.

36. On or about November 23, 2010, Bishop was taken to see Howard for a second time.

37. Without explanation, Howard abruptly terminated his examination of Bishop, took Bishop off of all psychological medication, and denied Bishop any further mental health treatment.

38. Once removed from his psychological medication, Bishop became anti-social, had constant suicidal tendencies, cut his wrist, and was unable to sleep for any regular period of time.

39. In or about the week of November 22, 2010, Bishop filed a medical request slip with Cermak Health, through which he requested mental health treatment.

40. On November 25, 2010, Bishop filed a grievance with the Cook County Department of Corrections seeking to be put back on his psychological medication.

41. On December 3, 2010, Bishop was taken to see an unknown psychiatrist at Two North.

42. Acknowledging that Bishop should not have been removed from his prescriptions and medications, this unknown psychiatrist reinstated Bishop's prescriptions for Lithium, Zoloft and Doxepin.

**COUNT I: Fourteenth Amendment Due Process Claim Against Defendant Howard In His Individual Capacity – Punishment Without Procedural Protection**

43. Bishop reasserts and re-alleges paragraphs 1 – 42 above as if set forth fully herein.

44. As a psychiatrist employed by Cook County at Cermak Health, at all times relevant, Howard was tasked with providing mental health treatment to detainees housed in Division X of the Cook County Jail.

45. Bishop's diagnosed major depression is a serious mental illness.

5

46. On or about October 12, 2010, Howard was made aware that Bishop has suicidal tendencies, that Bishop was diagnosed as major depressive, and that Bishop made numerous attempts to commit suicide while housed in the Cook County Jail.

47. On or about October 12, 2010, Howard was made aware that Bishop receives mental health treatment for his major depression, including regularly prescribed Doxepin and Zoloft.

48. On or about October 12, 2010, Howard was made award that Bishop was at a substantial risk of committing suicide.

49. On or about October 12, 2010, Howard ruled out that Bishop was malingering, and prescribed Bishop with Lithium to treat his mental health disorders.

50. On or about November 23, 2010, Howard was deliberately indifferent to Bishop's health and safety by arbitrarily ceasing his examination of Bishop and taking Bishop off of all psychological medication.

51. Upon information and belief, in November 2010, Howard also arbitrarily took other Division X inmates, previously diagnosed as major depressive, off of prescribed psychological medication.

52. Without medication, Bishop endures untreated effects of major depression, including constant suicidal tendencies, self-induced physical harm, and the inability to sleep for regular periods of time.

53. By arbitrarily denying Bishop necessary mental health treatment, Howard imposed punishment upon Bishop without due process.

54. Howard's enforcement of an arbitrary punishment showed a reckless and callous indifference to Bishop's right to be free from punishment without due process of law.

55. At the time of filing this Third Amended Complaint, Bishop continues to suffer from major depression.

WHEREFORE, Plaintiff, Bartholomew Bishop, respectfully requests that this Court enter an order granting the following relief:

a) Entering Judgment in favor of Plaintiff, Bartholomew Bishop, and against Defendant, Dr. Howard, for compensatory damages arising out of the deprivation of Bishop's rights under the Fourteenth Amendment to the United States Constitution, including damages for the past, current, and future physical injuries that Bishop has sustained or will sustain as a result of Howard's conduct;

b) Entering Judgment in favor of Plaintiff, Bartholomew Bishop, and against Defendant, Dr. Howard, for punitive damages arising out of Howard's reckless and callous disregard for Bishop's rights under the Fourteenth Amendment to the United States Constitution;

c) Entering Judgment in favor of Plaintiff, Bartholomew Bishop, and against Defendant, Dr. Howard, for attorneys' fees and costs pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988; and

d) Ordering any and all other relief that this Court deems equitable and just.

**COUNT II:** *Monell* **Claim Against Defendants Thomas Dart and Cook County (Cermak Health)**

56. Bishop reasserts and re-alleges paragraphs 1 – 42 above as if set forth fully herein.

57. Dart, as the Cook County Sheriff, is the warden of the Cook County Jail.

58. Dart, as the Cook County Sheriff, is exclusively charged with the custody and care of detainees in the Cook County Jail.

59. Dart, as the Cook County Sheriff, is responsible for the conduct of all personnel necessary to operate and maintain the Cook County Jail.

60. Dart, as the Cook County Sheriff, is responsible for furnishing all medical services for all detainees under his charge.

61. Cook County, through Cermak Health, is responsible for the control of all medical care in the Cook County Jail.

62. Detainees in the Cook County Jail that require treatment for major depression are housed in Division X.

63. The Cook County Jail houses detainees diagnosed with major depression on Level 4 of Division X.

64. Bishop is housed in Level 4C of Division X and has major depression.

65. Upon information and belief, similarly situated detainees of the Cook County Jail, diagnosed with major depression, are housed on Level 2 of Division X.

66. Upon information and belief, detainees housed on Level 2 of Division X that have been diagnosed as major depressive regularly receive additional mental health treatment, including, but not limited to, the availability of a psychiatrist on a daily basis, constant supervision between the hours of 7:30 a.m. and 3:00 p.m., and group therapy sessions.

67. In or about February 2009, Bishop made a request to Dr. Luke to be transferred to Level 2 of Division X, but his request was denied.

68. In or about the week of November 22, 2010, Bishop filed a medical request slip with Cermak Health, through which he requested mental health treatment.

69. On November 25, 2010, Bishop filed a grievance with the Cook County Department of Corrections requesting the same psychological treatment as the detainees housed on Level 2.

70. Bishop has been intentionally denied mental health treatment equal to those similarly situated detainees housed on Level 2 of Division X.

71. There is no rational basis for providing additional mental health treatment to detainees housed on Level 2 of Division X.

72. Dart, as the Cook County Sheriff, has created a custom and practice of furnishing unequal mental health services throughout Division X of the Cook County Jail.

73. This custom and practice, created by Dart, proximately caused the deprivation of Bishop's right to receive equal mental health treatment.

74. This custom and practice proximately caused Bishop to attempt suicide in or about December 2009 and March 2010.

75. Cook County, through Cermak Health, has created a custom and practice of providing unequal mental health treatment to detainees housed on Level 4 of Division X.

76. This custom and practice, created by Cook County, proximately caused the deprivation of Bishop's right to receive equal mental health treatment.

77. This custom and practice proximately caused Bishop to attempt suicide in or about December 2009 and March 2010.

WHEREFORE, Plaintiff, Bartholomew Bishop, respectfully requests that this Court enter an order granting the following relief:

   a) Entering Judgment in favor of Plaintiff, Bartholomew Bishop, and against Defendants, Thomas Dart and Cook County, for compensatory damages arising out of the deprivation of rights under the Fourteenth Amendment to the United States Constitution, including damages for the past, current, and future physical injuries that Bishop has sustained or will sustain as a result of Dart's and Cook County's conduct;

   b) Entering Judgment in favor of Plaintiff, Bartholomew Bishop, and against Defendants, Thomas Dart and Cook County, for attorneys' fees and costs pursuant to 28 U.S.C. § 1920 and 42 U.S.C. § 1988; and

   c) Ordering any and all other relief that this Court deems equitable and just.

**COUNT III – Indemnification Against Cook County**

78. Bishop reasserts and re-alleges paragraphs 1 – 77 above as if set forth fully herein.

79. In committing the acts alleged in this Third Amended Complaint, Howard, at all times relevant, was acting as an agent of Cook County, and within the scope of his employment.

80. In committing the acts alleged in this Complaint, Howard acted in violation of constitutional law.

81. Cook County is empowered and directed to pay any tort judgment for which it or an employee acting within the scope of his employment is found liable.

82. The office of the Cook County Sheriff is funded by Cook County.

83. Thomas Dart is an independently elected officer of Cook County.

84. Cook County is empowered and directed to pay any tort judgment against an independently elected county officer sued in its official capacity.

WHEREFORE, Plaintiff, Bartholomew Bishop, respectfully requests that this Court enter an order granting the following relief:

   a) Ordering Defendant, Cook County, to indemnify Defendants, Thomas Dart, Cook County and Howard, for all damages entered against Dart, Cook County and Howard; and

   b) Ordering any and all other relief that this Court deems equitable and just.

## JURY DEMANDED

Plaintiff, Bartholomew Bishop, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) as to all issues so triable.

                                Respectfully submitted,

                                Bartholomew Bishop, Plaintiff


                                By:    s/ J. Michael Tecson
                                        One of His Attorneys

Kelly McCloskey Cherf
J. Michael Tecson
Nicholas M. Hudalla
Hogan Marren, Ltd.
180 N. Wacker Drive, Suite 600
Chicago, IL  60606
312-946-1800

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2011, I electronically filed the foregoing document via the CM/ECF system of the United States District Court for the Northern District of Illinois which will send notice to all counsel of record, including the following:

    Shandra Lynn Leary (shandra.leary@cookcountyil.gov)
    James C. Pullos (james.pullos@cookcountyil.gov)
    500 Richard J. Daley Center
    Chicago, Illinois 60602

    Thomas Cargie (thomas.cargie@cookcountyil.gov)
    Kevin William Frey (kevin.frey@cookcountyil.gov)
    Cook County State's Attorney's Office
    69 West Washington, Suite 2030
    Chicago, Illinois 60602

                                                      s/ J. Michael Tecson