**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BARTHOLOMEW BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 10 C 4031 |
| v. | ) | |
| | ) | Honorable Judge |
| THOMAS DART, in his official capacity, | ) | Gary Feinerman |
| COOK COUNTY, a municipality, and DR. | ) | |
| JONATHAN HOWARD, in his individual capacity, | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DART'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

NOW COMES, the Defendant, THOMAS DART, Sheriff of Cook County, by and through his attorney Anita Alvarez, through her Assistant State's Attorney Shandra Leary, and pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant submits his Answer, Affirmative Defenses and Jury Demand to Plaintiff's Third Amended Complaint as follows:

**Parties**

1. Plaintiff, Bartholomew Bishop ("Bishop"), resides within the jurisdiction of this Court and at all times relevant has been in the custody of the Cook County Jail as a pre-trial detainee.

**ANSWER:** Defendant admits the allegations contained in paragraph 1.

2. Defendant, Thomas Dart ("Dart"), is the Cook County Sheriff, and is being sued in his official capacity.

**ANSWER:** Defendant admits the allegations contained in paragraph 2.

3. Defendant, Cook County, and through its Department, Cermak Health Services ("Cermak Health"), is a municipal corporation organized under the laws of the State of Illinois. Cermak Health Services is a department of Cook County and is under the jurisdiction of the Cook County Board of Directors.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Defendant, Dr. Jonathan Howard ("Howard"), is employed by Cook County and works for Cermak Health. At all times relevant, Howard worked as a psychiatrist at the Cook County Jail. Howard is being sued in his individual capacity.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

## Jurisdiction and Venue

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

**ANSWER:** Defendant admits the allegations contained in paragraph 5.

6. Venue is proper under 28 U.S.C. § 1391(b) as all events or omissions giving rise to the claims herein occurred within the Northern District of Illinois.

**ANSWER:** Defendant admits the allegations contained in paragraph 6.

## Facts Common to All Counts

7. In or about 1990, Bishop began experiencing seizures.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. In or about 1995, Bishop suffered from a seizure, was taken to St. Margaret Mercy Hospital in Hammond, Indiana, diagnosed with epilepsy, and prescribed Dilantin.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. In or about winter 1999, following an attempted suicide, Bishop was taken to Roseland Community Hospital in Chicago, Illinois.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. While at Roseland Community Hospital, Bishop was diagnosed as manic depressive and sent to the Tinley Park Mental Health Center in Tinley Park, Illinois.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. While at the Tinley Park Mental Health Center, a doctor prescribed Bishop with Paxil to treat his manic depression.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. On or about October 15, 2009, Bishop consumed approximately two (2) bottles of cough syrup and five (5) pills of Valium in an attempt to commit suicide.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Following the suicide attempt, Bishop was taken by ambulance to Riverside Medical Center in Kankakee, Illinois.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Once Bishop was medically stable, he was placed under arrest.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Following the arrest, Bishop was taken to the Cook County Jail and placed in Division I.

**ANSWER:** Defendant admits the allegations contained in paragraph 15.

16. During intake processing at the Cook County Jail, Bishop received a medical examination, at which time he advised the examining physician that he suffered from manic depression and recently attempted to commit suicide prior to his arrest.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Upon information and belief, the examining physician was provided with Bishop's medical charts which documented the October 15, 2009 suicide attempt.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. On November 4, 2009, Bishop had a seizure and was taken to the emergency room at Cermak Health.

**ANSWER:** Defendant admits the allegations contained in paragraph 18.

19. Upon his return to the Cook County Jail, Bishop was taken to the medical wing of the Cook County Jail, referred to as "Three North."

**ANSWER:** Defendant admits the allegations contained in paragraph 19.

20. While at Three North, Bishop advised his treating physician, Dr. Katina Bonaparte, that he had suicidal tendencies. Dr. Bonaparte arranged for Bishop to meet with two (2) unknown psychiatrists at Three North.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. The two unknown psychiatrists sent Bishop to the psychiatric wing at the Cook County Jail, referred to as "Two North."

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Upon his initial arrival at Two North, Bishop met with two (2) unknown psychiatrists who placed Bishop on a "suicide watch."

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. While on suicide watch, Bishop was placed under twenty-four (24) hour surveillance for three (3) to four (4) days.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. While housed at Two North, Bishop was treated by Dr. Lukose Luke ("Dr. Luke"), a psychiatrist at the Cook County Jail.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Bishop advised Dr. Luke that he has suicidal tendencies on a regular basis and that he hears voices in his head. Dr. Luke diagnosed Bishop as major depressive and prescribed Bishop with Doxepin and Zoloft.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. After approximately two (2) weeks at Two North, Bishop was sent to Level 3C in Division X of the Cook County Jail.

**ANSWER:** Defendant denies the allegations contained in paragraph 26.

27. Division X is the medical and acute psych facility at the Cook County Jail.

**ANSWER:** Defendant denies the allegations contained in paragraph 27.

28. In or about December 2009, while housed in Division X, Bishop ingested approximately six (6) ounces of Doxepin in an attempt to commit suicide.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Following the ingestion of the Doxepin, Bishop passed out, chipped his tooth, and was taken to Cermak Health.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. After an examination at Cermak Health, Bishop was returned to Level 3C in Division X.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. In or about February 2010, Bishop was moved to Level 4C in Division X.

  **ANSWER:** Defendant admits the allegations contained in paragraph 31.

  32. In or about March 2010, Bishop consumed a mixture of approximately ten (10) pills of varying medicines in an attempt to commit suicide.

  **ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

  33. On or about October 12, 2010, Bishop was taken to see Howard.

  **ANSWER:** Defendant admits the allegations contained in paragraph 33.

  34. Bishop advised Howard that he has suicidal tendencies, he is manic depressive and that he has attempted suicide numerous times.

  **ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

  35. Howard examined Bishop, examined Bishop's medical chart which showed that Bishop suffers from major depression, and prescribed Bishop Lithium to treat these disorders.

  **ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

  36. On or about November 23, 2010, Bishop was taken to see Howard for a second time.

  **ANSWER:** Defendant admits the allegations contained in paragraph 36.

  37. Without explanation, Howard abruptly terminated his examination of Bishop, took Bishop off of all psychological medication, and denied Bishop any further mental health treatment.

  **ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37.

38. Once removed from his psychological medication, Bishop became anti-social, had constant suicidal tendencies, cut his wrist, and was unable to sleep for any regular period of time.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39. In or about the week of November 22, 2010, Bishop filed a medical request slip with Cermak Health, through which he requested mental health treatment.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. On November 25, 2010, Bishop filed a grievance with the Cook County Department of Corrections seeking to be put back on his psychological medication.

**ANSWER:** Defendant denies the allegations contained in paragraph 40.

41. On December 3, 2010, Bishop was taken to see an unknown psychiatrist at Two North.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42. Acknowledging that Bishop should not have been removed from his prescriptions and medications, this unknown psychiatrist reinstated Bishop's prescriptions for Lithium, Zoloft and Doxepin.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

**COUNT I: Fourteenth Amendment Due Process Claim Against Defendant Howard In His Individual Capacity – Punishment Without Procedural Protection**

43. Bishop reasserts and re-alleges paragraphs 1 – 42 above as if set forth fully herein.

**ANSWER:** Defendant restates his answers to paragraphs 1-42 above as if set forth fully herein as his answer to the allegations contained in paragraph 43.

44. As a psychiatrist employed by Cook County at Cermak Health, at all times relevant, Howard was tasked with providing mental health treatment to detainees housed in Division X of the Cook County Jail.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45. Bishop's diagnosed major depression is a serious mental illness.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. On or about October 12, 2010, Howard was made aware that Bishop has suicidal tendencies, that Bishop was diagnosed as major depressive, and that Bishop made numerous attempts to commit suicide while housed in the Cook County Jail.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. On or about October 12, 2010, Howard was made aware that Bishop receives mental health treatment for his major depression, including regularly prescribed Doxepin and Zoloft.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

9

48. On or about October 12, 2010, Howard was made award that Bishop was at a substantial risk of committing suicide.

ANSWER: Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49. On or about October 12, 2010, Howard ruled out that Bishop was malingering, and prescribed Bishop with Lithium to treat his mental health disorders.

ANSWER: Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. On or about November 23, 2010, Howard was deliberately indifferent to Bishop's health and safety by arbitrarily ceasing his examination of Bishop and taking Bishop off of all psychological medication.

ANSWER: Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Upon information and belief, in November 2010, Howard also arbitrarily took other Division X inmates, previously diagnosed as major depressive, off of prescribed psychological medication.

ANSWER: Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Without medication, Bishop endures untreated effects of major depression, including constant suicidal tendencies, self-induced physical harm, and the inability to sleep for regular periods of time.

ANSWER: Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. By arbitrarily denying Bishop necessary mental health treatment, Howard imposed punishment upon Bishop without due process.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54. Howard's enforcement of an arbitrary punishment showed a reckless and callous indifference to Bishop's right to be free from punishment without due process of law.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55. At the time of filing this Third Amended Complaint, Bishop continues to suffer from major depression.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

**COUNT II:** *Monell* **Claim Against Defendants Thomas Dart and Cook County (Cermak Health)**

56. Bishop reasserts and re-alleges paragraphs 1 – 42 above as if set forth fully herein.

**ANSWER:** Defendant restates his answers to paragraphs 1-42 above as if set forth fully herein as his answer to the allegations contained in paragraph 56.

57. Dart, as the Cook County Sheriff, is the warden of the Cook County Jail.

**ANSWER:** Defendant Dart admits that he is the Cook County Sheriff, Defendant denies the remaining allegations contained in paragraph 57.

58. Dart, as the Cook County Sheriff, is exclusively charged with the custody and care of detainees in the Cook County Jail.

11

**ANSWER:** Defendant denies the allegations contained in paragraph 58.

59. Dart, as the Cook County Sheriff, is responsible for the conduct of all personnel necessary to operate and maintain the Cook County Jail.

**ANSWER:** Defendant denies the allegations contained in paragraph 59.

60. Dart, as the Cook County Sheriff, is responsible for furnishing all medical services for all detainees under his charge.

**ANSWER:** Defendant denies the allegations contained in paragraph 60.

61. Cook County, through Cermak Health, is responsible for the control of all medical care in the Cook County Jail.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62. Detainees in the Cook County Jail that require treatment for major depression are housed in Division X.

**ANSWER:** Defendant denies the allegations contained in paragraph 62.

63. The Cook County Jail houses detainees diagnosed with major depression on Level 4 of Division X.

**ANSWER:** Defendant denies the allegations contained in paragraph 63.

64. Bishop is housed in Level 4C of Division X and has major depression.

**ANSWER:** Defendant admits Bishop is housed in Level 4C of Division X, but Defendant is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64.

65. Upon information and belief, similarly situated detainees of the Cook County Jail, diagnosed with major depression, are housed on Level 2 of Division X.

**ANSWER:** Defendant denies the allegations contained in paragraph 65.

66. Upon information and belief, detainees housed on Level 2 of Division X that have been diagnosed as major depressive regularly receive additional mental health treatment, including, but not limited to, the availability of a psychiatrist on a daily basis, constant supervision between the hours of 7:30 a.m. and 3:00 p.m., and group therapy sessions.

**ANSWER:** Defendant denies the allegations contained in paragraph 66.

67. In or about February 2009, Bishop made a request to Dr. Luke to be transferred to Level 2 of Division X, but his request was denied.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 67.

68. In or about the week of November 22, 2010, Bishop filed a medical request slip with Cermak Health, through which he requested mental health treatment.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 68.

69. On November 25, 2010, Bishop filed a grievance with the Cook County Department of Corrections requesting the same psychological treatment as the detainees housed on Level 2.

**ANSWER:** Defendant denies the allegations contained in paragraph 69.

70. Bishop has been intentionally denied mental health treatment equal to those similarly situated detainees housed on Level 2 of Division X.

**ANSWER:** Defendant denies the allegations contained in paragraph 70.

71. There is no rational basis for providing additional mental health treatment to detainees housed on Level 2 of Division X.

**ANSWER:** Defendant denies the allegations contained in paragraph 71.

72. Dart, as the Cook County Sheriff, has created a custom and practice of furnishing unequal mental health services throughout Division X of the Cook County Jail.

**ANSWER:** Defendant denies the allegations contained in paragraph 72.

73. This custom and practice, created by Dart, proximately caused the deprivation of Bishop's right to receive equal mental health treatment.

**ANSWER:** Defendant denies the allegations contained in paragraph 73.

74. This custom and practice proximately caused Bishop to attempt suicide in or about December 2009 and March 2010.

**ANSWER:** Defendant denies the allegations contained in paragraph 74.

75. Cook County, through Cermak Health, has created a custom and practice of providing unequal mental health treatment to detainees housed on Level 4 of Division X.

**ANSWER:** Defendant denies the allegations contained in paragraph 75.

76. This custom and practice, created by Cook County, proximately caused the deprivation of Bishop's right to receive equal mental health treatment.

**ANSWER:** Defendant denies the allegations contained in paragraph 76.

77. This custom and practice proximately caused Bishop to attempt suicide in or about December 2009 and March 2010.

**ANSWER:** Defendant denies the allegations contained in paragraph 77.

**COUNT III – Indemnification Against Cook County**

78. Bishop reasserts and re-alleges paragraphs 1 – 77 above as if set forth fully herein.

**ANSWER:** Defendant restates his answers to paragraphs 1-77 above as if set forth fully herein as his answer to the allegations contained in paragraph 78.

79. In committing the acts alleged in this Third Amended Complaint, Howard, at all times relevant, was acting as an agent of Cook County, and within the scope of his employment.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 79.

80. In committing the acts alleged in this Complaint, Howard acted in violation of constitutional law.

**ANSWER:** Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81. Cook County is empowered and directed to pay any tort judgment for which it or an employee acting within the scope of his employment is found liable.

**ANSWER:** Defendant admits the allegations contained in paragraph 81.

82. The office of the Cook County Sheriff is funded by Cook County.

**ANSWER:** Defendant admits the allegations contained in paragraph 82.

83. Thomas Dart is an independently elected officer of Cook County.

**ANSWER:** Defendant admits the allegations contained in paragraph 83.

84. Cook County is empowered and directed to pay any tort judgment against an independently elected county officer sued in its official capacity.

**ANSWER:** Defendant admits the allegations contained in paragraph 84.

**AFFIRMATIVE DEFENSES**

NOW COMES Defendant THOMAS DART, Sheriff of Cook County, by and through his attorney, Anita Alvarez, Cook County State's Attorney, through her assistant Shandra Leary, and asserts the following Affirmative Defenses:

1. The Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendant is entitled to the defense of Qualified Immunity.

2. The Plaintiff was at all relevant times and on the date of filing, a pre-trial detainee in the Cook County Jail. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. The Plaintiff has failed to exhaust his administrative remedies as required by the PLRA, thus his claims are barred. *See Massey v Helman*, 196 F.3d 727 (7th Cir. 1999).

WHEREFORE, based on the foregoing, the Defendant, THOMAS DART, Sheriff of Cook County, denies that Plaintiff is entitled to any damages. Defendant prays that this Honorable Court grant judgment in his favor and against Plaintiff on all aspects of his complaint and further request that this Honorable Court grant judgment of Defendant's fees, costs, and such other relief that this court deems just and appropriate.

## JURY DEMAND

Defendant respectfully requests a trial by jury.

        Respectfully submitted,

        ANITA ALVAREZ
        State's Attorney of Cook County

By:   */s/ Shandra Leary*
        Shandra Leary
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-6189